**Michael B. SUFFNESS and Dorit R. Suffness, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CA3–90–1154–P.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 10, 1992.

Michael B. Suffness and Dorit R. Suffness, pro se.

Jon E. Fisher, Trial Atty., Tax Div., Dept. of Justice, Dallas, Tex., for U.S.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court is Defendant's Motion for Judgment on the Pleadings or for Summary Judgment, filed November 15, 1991, and Plaintiffs' Motion for Judgment on the Pleadings or for Summary Judgment, filed November 26, 1991.

## FACTS

On May 28, 1987, Plaintiffs Michael B. Suffness and Dorit R. Suffness ("Plaintiffs") filed their 1986 joint income tax return with an election under 26 U.S.C., Section 1033(a)(2) not to recognize gain from an involuntary conversion of Plaintiffs' twenty five (25) shares of the common stock of Connection Communications Corporation. The Plaintiffs did not replace the property within the required two years and, consequently, on March 13, 1989, Plaintiffs filed an amended 1986 income tax return as required by 26 C.F.R., Section 1.1033(a)–2(c)(2) and paid the tax of $15,072.00 due on the realized gain from the involuntary conversion. The Internal Revenue Service ("IRS") assessed the Plaintiffs interest of $3,166.95 on the increase in tax reflected on the amended 1986 return.

On May 22, 1989, the IRS offset the Plaintiffs' 1988 income tax refund by the $3,166.95 of interest. On November 27, 1989, the Plaintiffs filed a claim for refund for the $3,166.95. On January 30, 1990, the IRS denied the Plaintiffs' refund request. Plaintiffs bring this action against the United States of America ("Defendant") to recover the $3,166.95 of interest assessed by the IRS on the amended 1986 tax return.

## OPINION

After careful review of the law, evidence, and arguments of counsel, the Court concludes that the assessment of $3,166.95 of interest by the IRS on the amended 1986 tax return was proper. Accordingly, Defendant's Motion for Judgment on the Pleadings or for Summary Judgment is granted and Plaintiffs' Motion for Judgment on the Pleadings or for Summary Judgment is denied for the reasons set forth below.

26 U.S.C. Section 1033(a)(2) exempts a taxpayer from recognizing a gain in the year of sale if the taxpayer purchases other property similar or related in service or use to the property converted. The replacement, however, must take place within two years of the close of the tax year in which the sale occurred. 26 C.F.R. Section 1.1033(a)–2(c)(2) provides that if the property is not timely replaced, the tax liability for the year of sale shall be recomputed in the form of an amended return.

Although Section 1033 and Regulation 1.1033 are silent as to the imposition of interest if reinvestment is not made during the two year deferral period, 26 U.S.C. Section 6601(a) provides general rules for interest calculations on underpayment, nonpayment, or extensions of time for payment of taxes. More specifically, Section 6601(a) provides that interest be charged on any tax underpayment from the last date prescribed for payment until the date the tax underpayment is paid. Accordingly, interest was properly assessed by the United States for the period from April 15, 1987 (the date for payment of the 1986 return) until March 13, 1989 (the date of payment of the tax increase).

The Court finds that the nonrecognition and replacement of involuntarily converted property under 26 U.S.C. Section 1033 is similar to 26 U.S.C. Section 1034, which allows nonrecognition of gain on the sale of a principal residence that is replaced within two years. According to Revenue Ruling 122, 1953–2 CB 226, which deals with the predecessor of what is now 26 U.S.C. Section 1034, interest must be assessed on a deficiency in tax which arises when a taxpayer who has sold his old residence has not purchased a new residence within the period of time prescribed by the statute. The ruling further holds that the interest is properly assessed from the due date of the original return. That is, the tax on the gain is calculated without regard to the provision allowing deferral of the gain. To hold otherwise would suggest that Congress intended to allow taxpayers to avoid interest by filing an incorrect return and then amending it years later while requiring full payment on the due date.

In conclusion, the Court holds that interest was properly assessed due to Plaintiffs' failure to replace the property within the requisite time period. Since Plaintiffs did not reinvest the gain from the sale of common stock in a qualified investment within two years, Plaintiffs must pay interest on the deferred tax payment in the amount of $3,166.95. Accordingly, Defendant's Motion for Judgment on the Pleadings or for Summary Judgment is granted and Plaintiffs' Motion for Judgment on the Pleadings or for Summary Judgment is denied.

SO ORDERED.